LYMAN JOHNSON, DYER BABBITT, AND JOHN F. JOHNSON *v.* STEPHEN B. GOODWIN.

*Tenants in common.*

Tenants in common may, by agreement, occupy distinct portions of their common land in severalty, without affecting their rights as tenants in common. In such a case, the possession by one, of the part occupied by him, is not adverse to, or exclusive of that of the others; and in an action for an injury to that possession, all may join.

TRESPASS upon the freehold. Plea, the general issue. The action was referred, and the referees reported the following facts. On the 9th of December, 1828, one Leonard Bennett, who then owned and occupied the premises described in the plaintiff's declaration, conveyed said premises by deed, to Lyman Johnson, Hiram Johnson and Dyer Babbitt. On the 18th of July, 1844, the said Hiram Johnson, conveyed his "equal and undivided third part" of said premises to Endearing Johnson. On the 1st of October, 1850, the said Endearing Johnson conveyed the same "equal and undivided third part" of said premises to John F. Johnson; said Lyman Johnson, Dyer Babbitt, and John F. Johnson, being the plaintiffs in this suit. The defendant has owned and occupied the lot adjoining the said premises of the plaintiffs on the north, since the 25th of August, 1841. In the year 1848, the said Lyman Johnson, Dyer Babbitt, and Endearing Johnson, for the purpose of occupying in severalty, made a division of the said described premises into three parcels, by running and marking lines through the same parallel with the line dividing the said premises from the lot of the the defendant, and allotted to said Babbitt the northern parcel, or that portion of the said premises which adjoins the lot of the defendant; the middle parcel of said premises was allotted to the said Endearing Johnson, and the southern parcel to the said Lyman Johnson. No conveyances were executed, and it did not appear that there was, at any time, any agreement made between the joint proprietors of the said premises, that conveyances should be executed, to perfect a partition of the said premises between them, pursuant to the division thus made. Ever since the said division was made the said Lyman Johnson and Dyer Babbitt have occupied in severalty the parcels so allotted to them respectively; and the remaining parcel was occupied in severalty by the said Endearing Johnson, until he conveyed "one equal and undivided third part" of the premises described in the plaintiff's declaration, as aforesaid, to the said John F. Johnson, and since that time it has been occupied in severalty by the said John F. Johnson.

The defendant committed the trespasses complained of upon that portion of the aforesaid premises which was allotted to the said Babbitt. The referees submitted to the county court the question

whether upon the above facts the action could be maintained by the plaintiffs jointly, or only by the said Babbitt alone. In the former case they found for the plaintiffs to recover, and in the latter for the defendant.

Upon said report the county court, March Term, 1854,—PIER-POINT, J., presiding,—rendered judgment for the plaintiffs, to which the defendant excepted.

*I. T. Wright* and *C. B. Harrington*, for the defendant.

Tenants in common may make partition by parol, which will be binding, if carried into effect, by each party taking possession. *Pomeroy* v. *Taylor*, Brayt. 174. *Jackson* v. *Harder*, 4 Johns. 202. *Jackson* v. *Bradt*, 2 Caines, 174.

Either of the plaintiffs could have maintained trespass against the others for an intrusion by them upon his possession. 4 Kent, 370. *Keay* v. *Goodwin*, 16 Mass. 1.

The gist of the action is an injury to the possession; and unless the plaintiffs were in the actual possession, they cannot maintain the action in their names jointly. 1 Chit. Pl. 175. *Exr. of Stevens* v. *Hollister*, 18 Vt. 294. *Wickham* v. *Freeman*, 12 Johns. 183. *Campbell* v. *Arnold*, 1 Johns. 511.

*B. F. Langdon* and *C. L. Williams*, for the plaintiffs.

The possession of one tenant in common is the possession of the others. *Wilkins* v. *Burton*, 5 Vt. 76. *Wiswall* v. *Wilkins*, 5 Vt. 87. *Buckmaster* v. *Needham*, 22 Vt. 617. It is not to be presumed to be adverse unless proved to be so. *Catlin* v. *Kidder*, 7 Vt. 12. PRENTISS, J., in *Robinson* v. *Douglas*, Aik. 368.

The opinion of the court was delivered by

ISHAM, J. This is an action of trespass brought to recover damages for an injury to real estate, which is claimed by the plaintiffs as tenants in common. The cutting of the trees upon the land described is not disputed. It is insisted, however, that this action cannot be sustained; that the plaintiffs have not a joint title to or interest in the land, nor that joint possession, that will enable them to join as plaintiffs in this suit.

It appears from the report of the referees, that on the 9th day

of December, 1828, Leonard Bennett conveyed these premises to Lyman Johnson, Dyer Babbitt, and Hiram Johnson ; that on the 18th of July, 1844, Hiram Johnson conveyed his equal and undivided third part of the same, to Endearing Johnson, and that on the 1st of October, 1850, Endearing Johnson conveyed the same *equal and undivided third part* to John F. Johnson.　These several conveyances gave to the plaintiffs a title to these premises as tenants in common, having separate titles, but a unity of possession. The *gist* of this action being an injury to the possession, they may join in its prosecution, so long as they or either of them are in possession under that title.　Litt, sec. 315.　Co. on Litt. 198. (a) Bac. Ab. Tit.　Tenants in common, K.　*May* v. *Parker*, 12 Pick. 39.　It is also stated in the case, that in 1848, and before the conveyance by Endearing Johnson to John F. Johnson, a parol division of the premises was made by Lyman Johnson, Dyer Babbitt, and Endearing Johnson, who then held the land as tenants in common, and that a possession in severalty, under that division was continued by them, and by these plaintiffs since that period.　It is claimed that that division and possession is a severance of the plaintiffs' interest as tenants in common, and that, as the cutting was done on that portion of the premises allotted to Dyer Babbitt, he alone can sustain the action for the injuries complained of.

That tenants in common may make a parol division of land so held by them, there can be no doubt, provided a possession in severalty is taken by them, in pursuance of that division.　Bray. 174. *Pomeroy* v. *Taylor*.　Such division and possession, however, is not binding as between themselves, unless continued for fifteen years. They may at any time within that period, disaffirm the division, and obtain a new partition.　But if the tenants affirm that division, and their possession is in severalty, and of a character adverse to the right of possession by the other tenants, it will be a good title in severalty as to all persons who are strangers to their title ; and after the period of fifteen years that division will be binding as between themselves.　When this title in severalty is perfected in that manner, they cannot join in this form of action for any injury to the premises, as they have no joint legal title, and this unity of possession is destroyed by their division in fact, and their occupancy in severalty.　The damages in such case will not survive.　There

is no doubt, however, that tenants in common may agree to occupy distinct portions of the land without in any way affecting their rights as tenants in common. It never will have that effect, unless their possession is exclusive and adverse to the rights of the other tenants. When the possession is not adverse, the possession of one tenant in common is the possession of the other, and in such cases they must join.

The whole case, therefore, is resolved into the inquiry arising from the facts reported by the referees, as to the character of the possession of the tenants in common under that division. Was that division made, and possession taken by the tenants, with an intention of creating estates in severalty, or was it intended merely for temporary purposes, and for their mutual convenience, without any intention of affecting their ultimate rights as tenants in common? If it was of the latter character, their relation as tenants in common still continues, and this action is properly brought. So far as this is a question of fact, the report of the referees is indefinite on the subject. They say that the division was made *for the purpose of enabling the tenants to occupy the premises in severalty.* This is not inconsistent with the fact that the division and possession was of the latter character, but consistent with it. The judgment of the county court on that report, in favor of the plaintiffs, is a determination of that question as one of fact, that that division and possession was not intended to affect their rights as tenants in common. That fact is necessarily found in the judgment of the court, and is as conclusive in this investigation of the case, as if it was distinctly stated in the report of the referees. The circumstances, that after that division, one of the tenants conveyed *an equal and undivided third part of the whole premises,* and that for injuries to the land, they jointly make a claim for damages, are satisfactory as showing that no division and occupancy in severalty was ever made, which they intended should ever affect their rights as tenants in common ; and if such was not their intention, it is not for the defendant, who is a stranger to the title, to give to that matter a legal effect, which was never intended by the parties in interest. Under these circumstances, the possession of each of the tenants was the possession of his cotenants, and was not such an adverse possession, that could ever ripen into an absolute title in

severalty. Under that finding of the referees, and of the county court, we think, this action was properly brought by all these plaintiffs.

The judgment of the county court is affirmed.